**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

Lyle W. Cayce
Clerk

No. 11-51264
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK TOMMY ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:00-CR-25-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Derrick Tommy Robinson, federal prisoner # 03339-180, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of the Fair Sentencing Act of 2010 (FSA). The district court determined that Robinson was not eligible for a reduction of his sentence under the FSA.

The Sentencing Commission has amended the drug quantity table in U.S.S.G. § 2D1.1, effective November 1, 2011. *See* United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51264

Commission, *Guidelines Manual, Supp. to Appendix C-Vol. III*, Amendment 750, at 391-98 (Nov. 1, 2011) (Amend. 750).  Amendment 750, Part A, re-promulgated portions of temporary emergency Amendment 748, which altered the base offense levels for various crack cocaine quantities in the drug quantity tables of § 2D1.1(c) to conform with the new statutory sentences set out in the FSA.  *See id.*

The record reflects that Robinson's offense involved 3.67 kilograms of crack cocaine and 1.73 kilograms of cocaine, resulting in a total marihuana equivalency of 24,955.08 kilograms.  Although Amendment 750, Part A, has been made retroactively applicable, *see* U.S.S.G. § 1B1.10(c), it did not lower base offense levels for offenses such as Robinson's.  *See* Amend. 750, at 394.

Because Robinson was not eligible for a sentence reduction under Amendment 750, he cannot show that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion.  *See Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The request for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.